Filed 12/27/23  P. v. Florez CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTOINETTE MORGAN FLOREZ,<br><br>    Defendant and Appellant. | A168067<br><br>(Mendocino County Super. Ct. No. 21CR02342) |

Antoinette Morgan Florez appeals from a judgment entered upon a negotiated disposition of her case in Mendocino County Superior Court.  Her appointed appellate counsel has submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 requesting that we independently review the record.  Counsel has advised Florez of her right to submit a supplemental brief and Florez has not done so.  Our independent review of the record has disclosed no issues that warrant further briefing.

## I. BACKGROUND

A May 2022 preliminary hearing was held in Florez's case, at which evidence was presented that on June 25, 2021, she tried to buy a car at a car dealership using another individual's identification.  When the suspicious car sales representative asked her for additional identification, Florez said she would return the next day with it.  She asked that the car be held for her and

left a down payment of $500.  The sales representative noted the license plate of the car in which Florez left and contacted the police.  Police found Florez in that car at a traffic stop later that same day and determined she was wanted pursuant to a San Mateo County warrant.  They arrested her and read her *Miranda*[1] rights to her.  Florez then admitted to leaving a $500 down payment for a car at the dealership using another individual's identification.  According to a testifying police officer, the police also found "a plethora of other IDs, driver's licenses, debit cards, and credit cards of numerous other individuals inside of [Florez's] purse and the vehicle."

Later in May 2022, the Mendocino County District Attorney charged Florez in an information with two counts:  personal identifying information theft of an individual for an unlawful purpose, in violation of Penal Code section 530.5, subdivision (a)[2] (count one) and identifying information theft with a prior conviction in violation of section 530.5, subdivision (c)(2) (count two).  The information included a sentence enhancement allegation under sections 1170.12 and 667 that Florez had suffered a strike conviction for second degree robbery in 2006 (strike allegation).

Florez subsequently moved under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) for the court to strike or dismiss the strike allegation.  The court determined, based on case law, that it could only grant the motion if Florez's case fell "outside the spirit of the three strikes rule."  It found her case did not qualify because of her extensive criminal record since her 2006 strike conviction, which included numerous felony and misdemeanor convictions and time on probation, in jail, and in prison.  The

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

[2] Undesignated references are to the Penal Code.

2

court denied the motion and said it would consider again whether to strike the allegation at sentencing.

Subsequently, the parties agreed to a negotiated disposition of Florez's case. She pled no contest to both counts and admitted the truth of the strike allegation in return for a sentence of between 16 months and 32 months (the range based on whether the court struck the sentence enhancement allegation at sentencing). The parties stipulated that the preliminary hearing transcript was the factual basis for her plea. The court accepted Florez's plea, found her guilty of the two counts and found the strike allegation to be true.

At the subsequent sentencing hearing, Florez's attorney renewed Florez's *Romero* motion, added that her present crimes did not involve violence or any real trauma to or personal loss by the victim and that Florez had recently completed her GED, and asked that she be placed on post-release community supervision. The court denied the motion again. It noted, among other things, that since 2006 Florez had suffered numerous convictions, had numerous probation violations, was sent to the Department of Corrections three times, had strike allegations stricken in three other cases, and was on post-release community supervision at the time she committed the current offenses.

The court imposed a low term of 16 months for count one, doubled to 32 months based on Florez's strike conviction, and a concurrent sentence of 16 months for count two, and ordered that her sentence run concurrent to the one she was then serving for a case in Solano County. The court assessed a $300 restitution fine under section 1202.4; a $300 parole revocation restitution fine under section 1202.45, suspended subject to Florez's performance in post-release community supervision; $80 of court security fees

under section 1465.8; and $60 of conviction assessments under Government Code section 70373.  The court awarded Florez 30 days of custody credits and 30 days of conduct credits for a total of 60 days of credits.  It concluded Florez was not eligible for any additional credits for time spent in custody because she was already serving time for the Solano County case.

Florez filed a timely notice of appeal of post-plea matters.

## II. DISCUSSION

Florez's appeal is limited to post-plea matters such as sentencing that do not affect the validity of her plea because she did not seek a certificate of probable cause regarding any pre-plea issue.  (See, e.g., *People v. Kaanehe* (1977) 19 Cal.3d 1, 9 [section 1237.5 requirement of a certificate of probable cause "establishes a procedure for screening out frivolous claims among these issues which have not been waived"].)

Regarding post-plea matters, her appellate counsel states in his *Wende* brief that she "seeks to challenge both the denial of her *Romero* motion as well as the Superior Court presentence credit calculation."  We see no need for further briefing on these or any other post-plea issues.

We see no reason to further consider the trial court's denial of Florez's *Romero* motion given Florez's extensive criminal record since her 2006 strike conviction.  "Pursuant to section 1385, subdivision (a), a trial court may dismiss a prior strike allegation in the furtherance of justice.  ([*Romero*, *supra*,] 13 Cal.4th [at pp. 530–531].) [¶] A court's 'great power' to dismiss a prior strike conviction 'should only be used in "extraordinary" circumstances, when the ends of justice demand it.' [Citations.]  In exercising its discretion, the trial court 'must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects,

4

the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' [Citation.] 'And, of course, the court must remember the Three Strikes law is not discretionary in nature. Rather, the law must be applied . . . , unless the court concludes an exception to the law should be made because, for articulable reasons that can withstand scrutiny for abuse, the defendant lies outside the spirit of the law such that he should be treated as though he had not previously been convicted of one or more strikes.' " (*People v. Beasley* (2022) 81 Cal.App.5th 495, 500, italics omitted.)

As for Florez's presentence credits, her appellate counsel asserts in his *Wende* brief that Florez did not receive any credits in her Solano County case or the present case for the period from May 28, 2022, when she was transferred from Mendocino County to Solano County, until October 24, 2022, when she was sentenced in the Solano County case. The relevance of this assertion is unclear because it involves what appears to be Florez's time in custody in the Solano County case, not this one. Further, counsel's assertion relies on a factual contention—the lack of presentence credits awarded in the Solano County case—that is outside of the record of this case. Therefore, we conclude that no further appellate briefing is warranted regarding it. We see no issue otherwise with the court's determination that Flores was due a total of 60 presentence credits.

Finally, we have reviewed the rest of the court's post-plea rulings, such as the court's imposition of fines, fees and assessments, and conclude no further briefing is warranted regarding them.

# III. DISPOSITION

The judgment is affirmed.

STREETER, J.

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.